IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIA DAUDINOT,<br><br>Defendant. | | Case No. CR14-0068<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 24th day of July, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by her attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 8, 2014, Defendant Bria Daudinot was charged by Indictment (docket number 3) with bank robbery. At the arraignment on July 22, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 22, 2014.

Special Agent Thomas Reinwart of the Federal Bureau of Investigation testified regarding the circumstances underlying the instant charge. On June 26, 2014, a man with a handgun robbed the US Bank on 16th Avenue in Cedar Rapids. Police chased the vehicle believed involved in the robbery. During the chase, an officer observed someone throw a gun out of the vehicle toward the river. The gun was not recovered, and Reinwart testified it is believed the gun went into the river. The magazine of the gun apparently came out when it was thrown, however, and recovered from the roadway.

The chase stopped when the subject vehicle crashed into other vehicles. Two persons got out — Defendant Bria Daudinot (who was driving) and co-defendant Javon Dockery. Defendant attempted to evade police by running, and was observed throwing currency as she ran.

When later interviewed, Dockery told authorities that he told Defendant he was going to rob "someone" that day and Defendant drove him to the bank. Dockery told Defendant to drop him off and then park in the alley behind the bank. Defendant admitted to authorities that Dockery told her he was going to rob "someone," but denied that Dockery said he was going to rob the bank. According to Defendant, they were in the area "looking for apartments." Nonetheless, Defendant admitted that she waited in the alley behind the bank at Dockery's direction.

When Defendant was arrested following the chase on June 26, officers seized a cell phone in her possession. A search warrant was obtained and officers found three photographs implicating Dockery and Defendant in a bank robbery which occurred on May 29. Exhibit 1 shows Dockery holding a stack of money perhaps six inches thick. Exhibit 2 shows Defendant hold a stack of money six inches thick in one hand and what appears to be a marijuana cigarette in the other hand, with smoke coming from her mouth. Exhibit 3 shows Defendant holding a young child, with the child holding a stack of money six inches thick. According to Special Agent Reinwart, a forensic analysis of the phone reflects the photographs were taken between 2:56 and 3:15 p.m. on May 29. The other bank robbery occurred at approximately 12:57 p.m. on May 29.

Defendant is 21 years old. She was born in Chicago, but relocated to Cedar Rapids with her family in 2004. Prior to her arrest on June 26, she was living with her mother and two brothers in Cedar Rapids. Defendant has never been married, but has a two-year-old son.

Defendant is in good health and has no history of mental or emotional health issues. Prior to her arrest, she was employed part-time at Arby's and also worked at Kentucky Fried Chicken. Defendant admitted that she has smoked marijuana on a daily basis since age 18, except during her pregnancy. She last smoked marijuana on June 26.

Defendant has only a minimal prior criminal record. At age 18, Defendant was convicted of driving while barred. Earlier this year, Defendant was convicted of theft in the fifth degree.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies

committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with bank robbery. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A).

Many of the factors would weigh in favor of release. The Defendant is young, has ties to the community, and has only a minimal prior criminal record. Based on the nature of the offense and Defendant's role in it, however, the Court finds that detention is appropriate. I believe the evidence against Defendant is strong. Given the fact that Dockery and Defendant were in possession of large amounts of cash within hours after a previous bank robbery one month earlier, the Court believes that Defendant knew Dockery intended to rob US Bank while she remained in the alley, driving the get-away car. Significantly, she then led police on a car chase, resulting in a crash with other vehicles. After the crash, Defendant then attempted to flee on foot. Based on these circumstances, the Court believes that Defendant's release poses a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.      The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 22, 2014) to the filing of this Ruling (July 24, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 24th day of July, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA