# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIA DAUDINOT,<br><br>Defendant. | No. CR14-0068-LRR<br><br>**ORDER** |

This matter comes before the court on the defendant's motion to reduce sentence (docket no. 156). The defendant filed such motion on May 23, 2016.[1]

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] The court notes that the defendant completed a "form" that refers to obtaining permission to file a second or successive motion under 28 U.S.C. § 2255. But, the defendant never sought relief under such statute. Further, the court did not sentence the defendant under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 or 18 U.S.C. § 924(e)(2)(B). Hence, *Johnson v. United States*, 135 S. Ct. 2551, 2557-58 (2015), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), have no impact on the defendant's case.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). In addition, USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The defendant does not cite to an amendment that is included within USSG §1B1.10(c). Moreover, the court is not aware of any legal authority that permits it to impose a different sentence. Accordingly, the defendant's motion to reduce sentence (docket no. 156) is denied.

**IT IS SO ORDERED**.

**DATED** this 23rd day of May, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA